UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In the Matter of the Tax
Indebtedness of William H. Shaughnessy          Civil No. 04MBD 10364

PETITION FOR JUDICIAL APPROVAL OF
LEVY UPON PRINCIPAL RESIDENCE

The United States, by its attorneys, and upon the accompanying Declaration, petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon a principal residence. In support of this petition, the United States submits the accompanying Declaration and asserts as follows:

1. This proceeding is brought, and the Court's jurisdiction arises, pursuant to section 1340, 28 U.S.C., and sections 6334(e)(1) and 7402(a) of the Internal Revenue Code (26 U.S.C.) ("Code").

2. Code section 6334, as is pertinent here, exempts from administrative levy by the Internal Revenue Service property used as the principal residence of the taxpayer (within the meaning of Code section 121 ("Property")), unless such levy is to satisfy a liability which exceeds $5,000, and is approved, in writing, by a United States District Court Judge or Magistrate Judge. See 26 U.S.C. §§ 6334(a)(13)(B) and 6334(e)(1).

3. To obtain approval from the Court, the United States must demonstrate that:

   a.  the liability is owed,

   b.  the requirements of any applicable law or administrative procedure relevant to the levy have been met, and,

-1-

c.  no reasonable alternative for collection of the taxpayer's debt exists.

4.  By this petition, the United States seeks approval for the Internal Revenue Service to levy upon the taxpayer's interest in the property located at 14 Osgood St., Andover, MA 01810-5404, within the jurisdiction of the Court. The property is the principal residence of William H. Shaughnessy and is legally described as follows:

> A certain parcel of land with the buildings thereon situated in Andover, Essex County, Massachusetts, shown as Lot 7-A on Plan of Land in Andover, Mass., showing a change in lot lines, October 10, 1978", which Plan has been duly recorded in the North Essex District Registry of Deeds, as Plan No. 7943, bounded and described as follows:
>
> NORTHERLY by Osgood Street in two courses, one hundred and 07/100 (100.07) feet and seventy-nine and 93/100 (79.93) feet;
>
> SOUTHEASTERLY by Lot 6-A in two courses, forty-eight and 95/100 (48.95) feet and thirty-three and 11/100 (33.11) feet;
>
> NORTHEASTERLY by Lot 6-A, forty-seven and 16/100 (47.16) feet;
>
> EASTERLY by Lot 6-A, one hundred thirty-eight and 88/100 (138.88) feet;
>
> SOUTHERLY by Lots 11 and 12 in two courses, seven and 00/100 (7.00) feet, and one hundred and sixty-seven and 54/100 (167.54) feet; and
>
> WESTERLY by land now or formerly of Loomer, two hundred sixty and 00/100 (260.00) feet.
>
> All as shown on Plan No. 7943 at said Registry and containing 44,636 square feet according to said Plan.

5. a. On September 20, 1999, a delegate of the Secretary of Treasury made an assessment against William H. Shaughnessy for unpaid federal income taxes for the tax year ending December 31, 1995, in the amount of $60,818.00 plus interest and penalties as allowed by law.

b. Notice of the assessment and demand for its payment were duly given to the taxpayer. Despite said notice and demand, the taxpayer has failed to pay the liability in full. As of August 15, 2004, William H. Shaughnessy remains indebted to the United States in the amount of $18,564.24 for the 1995 tax year.

6. a. On June 26, 2000, a delegate of the Secretary of Treasury made an assessment against William H. Shaughnessy for unpaid federal income taxes for the tax year ending December 31, 1996, in the amount of $49,867.00, plus interest and penalties as allowed by law.

b. Notice of the assessment and demand for its payment were duly given to the taxpayer. Despite said notice and demand, the taxpayer has failed to pay the liability in full. As of August 15, 2004, William H. Shaughnessy remains indebted to the United States in the amount of $92,959.35 for the 1996 tax year.

7. a. On September 11, 2000, a delegate of the Secretary of Treasury made an assessment against William H. Shaughnessy for unpaid federal income taxes for the tax year ending December 31, 1998, in the amount of $20,830.00, plus and interest and penalties as allowed by law.

b. Notice of the assessment and demand for its payment were duly given to the taxpayer. Despite said notice and demand, the taxpayer has failed to pay the

liability in full. As of August 15, 2004, William H. Shaughnessy remains indebted to the United States in the amount of $34,622.67 for the 1998 tax year.

8.  a. On September 4, 2000, a delegate of the Secretary of Treasury made an assessment against William H. Shaughnessy for unpaid federal income taxes for the tax year ending December 31, 1999, in the amount of $26,808.00, plus interest and penalties as allowed by law.

   b. Notice of the assessment and demand for its payment were duly given to the taxpayer. Despite said notice and demand, the taxpayer has failed to pay the liability in full. As of August 15, 2004, William H. Shaughnessy remains indebted to the United States in the amount of $17,387.82 for the 1999 tax year.

9.  a. On January 5, 2004, a delegate of the Secretary of Treasury made an assessment against William H. Shaughnessy for unpaid federal income taxes for the tax year ending December 31, 2001, in the amount of $25,116.00, plus interest and penalties as allowed by law.

   b. Notice of the assessment and demand for its payment were duly given to the taxpayer. Despite said notice and demand, the taxpayer has failed to pay the liability in full. As of August 15, 2004, William H. Shaughnessy remains indebted to the United States in the amount of $38,939.67 for the 2001 tax year.

10. a. On January 12, 2004, a delegate of the Secretary of Treasury made an assessment against William H. Shaughnessy for unpaid federal income taxes for the tax year ending December 31, 2002, in the amount of $7,869.00, plus interest and penalties as allowed by law.

b. Notice of the assessment and demand for its payment were duly given to the taxpayer. Despite said notice and demand, the taxpayer has failed to pay the liability in full. As of August 15, 2004, William H. Shaughnessy remains indebted to the United States in the amount of $10,216.09 for the 2002 tax year.

11. The Internal Revenue Service has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Property.

12. The Internal Revenue Service has attempted to satisfy the taxpayer's unpaid liability from assets other than the Property, and not reasonable alternative exists to satisfy the unpaid liabilities described above.

WHEREFORE, the United States prays that:

A. The Court enter the attached Order to Show Cause; and

B. If no written Objection to Petition is filed with the Clerk of the Court within 25 days from the date of the Order to Show Cause, the Court enter an order (a proposed order is attached) approving the administrative levy on the Property, to be executed by any authorized officer of the Internal Revenue Service.

C. If a written Objection to Petition is filed with the Clerk of the Court, the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative

levy on the Property, to be executed by any authorized officer of the Internal Revenue Service.

        MICHAEL J. SULLIVAN
        United States Attorney

*/s/ Karen A. Smith*
KAREN A. SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6588

Dated:   12/30/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.