FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 MAY -2  A 9:25

U.S. DISTRICT COURT
DISTRICT OF MASS.

MBD No. 1:04-mc-10364-RCL

```
_____
                                        )
In the Matter of the Tax Indebtedness    )
of William H. Shaughnessy                )
                                        )
_____)
```

## MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(6) F.R.C.P.

Now comes the respondent and respectfully moves this Honorable Court pursuant to Rule 12(B)(6) of F.R.C.P. to dismiss the above-entitled case for failure to state a claim for which relief may be granted.

As grounds therefore, the respondent respectfully submits as follows:

1) The basis of the complaint for this suit is 26 USC 6334. (See attached complaint)

2) 26 USC, Section 6334 [entitled "Property Exempt from Levy"], is not the statutory authorization for this claim. Section 6334 simply enumerates various items exempt from levy. (See attached Section 6334)

3) The statutory authorization for this claim is set forth is 26 USC, Section 6330, et seq., as amended, which must be followed in this type of case.

WHEREFORE, the Respondent respectfully moves this Honorable Court that the complaint, based on 26 USC, Section 6334, be dismissed.

Respectfully submitted,

William H. Shaughnessy, pro se
14 Osgood Street
Andover, MA 01810

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COPY

In the Matter of the Tax
Indebtedness of William H. Shaughnessy     Civil No. _____

PETITION FOR JUDICIAL APPROVAL OF
LEVY UPON PRINCIPAL RESIDENCE

The United States, by its attorneys, and upon the accompanying Declaration, petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon a principal residence. In support of this petition, the United States submits the accompanying Declaration and asserts as follows:

1. This proceeding is brought, and the Court's jurisdiction arises, pursuant to section 1340, 28 U.S.C., and sections 6334(e)(1) and 7402(a) of the Internal Revenue Code (26 U.S.C.) ("Code").

2. Code section 6334, as is pertinent here, exempts from administrative levy by the Internal Revenue Service property used as the principal residence of the taxpayer (within the meaning of Code section 121 ("Property"), unless such levy is to satisfy a liability which exceeds $5,000, and is approved, in writing, by a United States District Court Judge or Magistrate Judge. See 26 U.S.C. §§ 6334(a)(13)(B) and 6334(e)(1).

3. To obtain approval from the Court, the United States must demonstrate that:

   a. the liability is owed,

   b. the requirements of any applicable law or administrative procedure relevant to the levy have been met, and

26 § 6333                        INTERNAL REVENUE CODE    Subt. F

## LIBRARY REFERENCES

**American Digest System**
Internal Revenue ⟲4490, 4855.
Key Number System Topic No. 220.

**Corpus Juris Secundum**
Internal Revenue, see C.J.S. §§ 1030, 1034, 1152, 1159, 1217.
Social Security and Public Welfare, see C.J.S. § 204.

**Encyclopedias**
Federal Tax Enforcement, 35 Am. Jur. 2d § 295.

**Forms**
Internal Revenue, 11 Fed. Proc. Forms L Ed § 43:202.

**Texts and Treatises**
Business and Commercial Litigation in Federal Courts § 51.6 (Robert L. Haig ed.) (West Group & ABA 1998).
Internal Revenue, 20 Fed. Proc. L Ed § 48:648.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## Notes of Decisions

Form as memorialization of record scrutiny 2
Necessity of levy 1

**1. Necessity of levy**

Taxpayer's earning statements and W-4 form would not be suppressed on ground such evidence was improperly acquired by revenue officer from taxpayer's employer through use of form which carried assertion that was issued under this section, where, even though there was no impending levy, taxpayer's employer voluntarily cooperated with the officer and willingly opened taxpayer's file to inspection. U. S. v. Oaks, C.D.Cal.1973, 360 F.Supp. 855.

**2. Form as memorialization of record scrutiny**

Use of form which was entitled "Notice of Requirement to Exhibit Books and Records" and which carried assertion that it was issued under this section, was of doubtful propriety for purpose of giving to taxpayer's employer a written memorialization of fact that the IRS had scrutinized employer's records. U. S. v. Oaks, C.D.Cal.1973, 360 F.Supp. 855.

## § 6334. Property exempt from levy

**(a) Enumeration.**—There shall be exempt from levy—

  **(1) Wearing apparel and school books.**—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

  **(2) Fuel, provisions, furniture, and personal effects.**—So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

  **(3) Books and tools of a trade, business, or profession.**—So many of the books and tools necessary for the trade, business, or

---

ch. 64            COLLECTION                    26 § 6334

profession of the taxpayer as do not exceed in the aggregate $3,125 in value;

  **(4) Unemployment benefits.**—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

  **(5) Undelivered mail.**—Mail, addressed to any person, which has not been delivered to the addressee.

  **(6) Certain annuity and pension payments.**—Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

  **(7) Workmen's compensation.**—Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

  **(8) Judgments for support of minor children.**—If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

  **(9) Minimum exemption for wages, salary, and other income.**—Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

  **(10) Certain service-connected disability payments.**—Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under—

    (A) subchapter II, III, IV, V,[1] or VI of chapter 11 of such title 38, or

    (B) chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

  **(11) Certain public assistance payments.**—Any amount pay-

26 § 6334 INTERNAL REVENUE CODE Subt. F

income for the aged, blind, and disabled) of the Social Security Act, or

(B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

(12) **Assistance under Job Training Partnership Act.**—Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

(13) **Residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy.**—

(A) **Residences in small deficiency cases.**—If the amount of the levy does not exceed $5,000—

(i) any real property used as a residence by the taxpayer; or

(ii) any real property of the taxpayer (other than real property which is rented) used by any other individual as a residence.

(B) **Principal residences and certain business assets.**—Except to the extent provided in subsection (e)—

(i) the principal residence of the taxpayer (within the meaning of section 121); and

(ii) tangible personal property or real property (other than real property which is rented) used in the trade or business of an individual taxpayer.

(b) **Appraisal.**—The officer seizing property of the type described in subsection (a) shall appraise and set aside to the owner the amount of such property declared to be exempt. If the taxpayer objects at the time of the seizure to the valuation fixed by the officer making the seizure, the Secretary shall summon three disinterested individuals who shall make the valuation.

(c) **No other property exempt.**—Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

(d) **Exempt amount of wages, salary, or other income.**—

(1) **Individuals on weekly basis.**—In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is

Ch. 64 COLLECTION 26 § 6334

exempt from levy under subsection (a)(9) shall be the exempt amount.

(2) **Exempt amount.**—For purposes of paragraph (1), the term "exempt amount" means an amount equal to—

(A) the sum of—

(i) the standard deduction, and

(ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs, divided by

(B) 52.

Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) **Individuals on basis other than weekly.**—In the case of any individual not described in paragraph (1), the amount of the wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period (as determined under regulations prescribed by the Secretary) which is exempt from levy under subsection (a)(9) shall be an amount (determined under such regulations) which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if (during such period of time) he were paid or received such wages, salary, and other income on a regular weekly basis.

(e) **Levy allowed on principal residences and certain business assets in certain circumstances.**—

(1) **Principal residences.**—

(A) **Approval required.**—A principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence.

(B) **Jurisdiction.**—The district courts of the United States shall have exclusive jurisdiction to approve a levy under subparagraph (A).

(2) **Certain business assets.**—Property (other than a principal residence) described in subsection (a)(13)(B) shall not be exempt from levy if—

(A) a district director or assistant district director of the Internal Revenue Service personally approves (in writing) the levy of such property; or

(B) the Secretary finds that the collection of tax is in jeopardy.

An official may not approve a levy under subparagraph (A) unless the official determines that the taxpayer's other assets subject to collection are insufficient to pay the amount due, together with expenses of the proceedings.

(f) **Levy allowed on certain specified payments.**—Any payment described in subparagraph (B) or (C) of section 6331(h)(2) shall not be exempt from levy if the Secretary approves the levy thereon under section 6331(h).

(g) **Inflation adjustment.**—

(1) **In general.**—In the case of any calendar year beginning after 1999, each dollar amount referred to in paragraphs (2) and (3) of subsection (a) shall be increased by an amount equal to—

(A) such dollar amount, multiplied by

(B) the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting "calendar year 1998" for "calendar year 1992" in subparagraph (B) thereof.

(2) **Rounding.**—If any dollar amount after being increased under paragraph (1) is not a multiple of $10, such dollar amount shall be rounded to the nearest multiple of $10.

(Aug. 16, 1954, c. 736, 68A Stat. 784; Aug. 28, 1958, Pub.L. 85–840, Title IV, § 406, 72 Stat. 1047; June 21, 1965, Pub.L. 89–44, Title VIII, § 812(a), 79 Stat. 170; Nov. 2, 1966, Pub.L. 89–719, Title I, § 104(c), 80 Stat. 1137; Dec. 30, 1969, Pub.L. 91–172, Title IX, § 945(a), 83 Stat. 729; Oct. 4, 1976, Pub.L. 94–455, Title XII, § 1209(a) to (c), Title XIX, § 1906(b)(13)(A), 90 Stat. 1709, 1710, 1834; Sept. 3, 1982, Pub.L. 97–248, Title III, § 347(a), 96 Stat. 638; July 18, 1984, Pub.L. 98–369, Div. B, Title VI, § 2661(o)(5), 98 Stat. 1159; Oct. 22, 1986, Pub.L. 99–514, Title XV, § 1565(a), 100 Stat. 2763; Nov. 10, 1988, Pub.L. 100–647, Title I, § 1015(o), Title VI, § 6236(c), 102 Stat. 3572, 3738; Aug. 6, 1991, Pub.L. 102–83, § 5(c)(2), 105 Stat. 406;¹ July 30, 1996, Pub.L. 104–168, Title V, § 502(a) to (c), 110 Stat. 1461; Aug. 22, 1996, Pub.L. 104–193, Title I, § 110(l)(3), formerly § 110(l)(6), 110 Stat. 2173; Aug. 5, 1997, Pub.L. 105–33, Title V, § 5514(a)(2), (3), 111 Stat. 620; Aug. 5, 1997, Pub.L. 105–34, Title III, § 312(d)(1), Title X, § 1025(a), 111 Stat. 829, 924; July 22, 1998, Pub.L. 105–206, Title III, §§ 3431(a) to (c), 3445(a), (b), 112 Stat. 758, 762, 763.)

¹ So in original.

---

Ch. 64    COLLECTION    26 § 6334

**Adjustment of Limitation on Value of Property Exempt from Levy Under Subsec. (a) of This Section**

For adjustment of limitation on value of property exempt from levy under subsec. (a) of this section for calendar year 2002, see section 3.26 of Revenue Procedure 2001–59, set out as a note under 26 U.S.C.A. § 1.

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1954 Acts.** House Report No. 1337, House Conference Report No. 1622, and Conference Report No. 2543, see 1954 U.S. Code Cong. and Adm. News, p. 4556.

**1958 Acts.** Senate Report No. 2388, see 1958 U.S. Code Cong. and Adm. News, p. 4218.

**1965 Acts.** House Report No. 433, Senate Report No. 324, and Conference Report No. 525, see 1965 U.S. Code Cong. and Adm. News, p. 1645.

**1966 Acts.** Senate Report No. 1708, see 1966 U.S. Code Cong. and Adm. News, p. 3722.

**1969 Acts.** House Report No. 91–413, Senate Report No. 91–552, and Conference Report No. 91–782, see 1969 U.S. Code Cong. and Adm. News, p. 2897.

**1976 Acts.** House Report Nos. 94–658, 94–1380, Senate Report No. 94–938, and House Conference Report No. 94–1515, see 1976 U.S. Code Cong. and Adm. News, p. 2897.

**1982 Acts.** Senate Report No. 97–494, and House Conference Report No. 97–760, and Statements by Legislative Leaders, see 1982 U.S. Code Cong. and Adm. News, p. 781.

**1984 Acts.** House Report No. 98–432, House Conference Report No. 98–861, Statements by Legislative Leaders, and Two Related Reports, see 1984 U.S. Code Cong. and Adm. News, p. 697.

**1986 Acts.** House Conference Report No. 99–841 and Statement by President, see 1986 U.S. Code Cong. and Adm. News, p. 4075.

**1988 Acts.** Senate Report No. 100–445 and House Conference Report No. 100–1104, see 1988 U.S. Code Cong. and Adm. News, p. 4515.

**1996 Acts.** House Report No. 104–506, see 1996 U.S. Code Cong. and Adm. News, p. 1143.

**1997 Acts.** House Report No. 104–651 and House Conference Report No. 104–725, see 1996 U.S. Code Cong. and Adm. News, p. 2183.

House Report No. 105–148, House Conference Report No. 105–217, and Statement by President, see 1997 U.S. Code Cong. and Adm. News, p. 176.

House Report No. 105–33, House Conference Report No. 105–220, and Statement by President, see 1997 U.S. Code Cong. and Adm. News, p. 678.

**1998 Acts.** House Conference Report No. 105–599, see 1998 U.S. Code Cong. and Adm. News, p. 297.

**References in Text**

The Railroad Retirement Act, referred to in subsec. (a)(6), is Act Aug. 29, 1935, c. 812, 49 Stat. 867, as amended, known as the Railroad Retirement Act of 1935. The Railroad Retirement Act of 1935, as amended, was amended generally and redesignated the Railroad Retirement Act of 1974 by Pub.L. 93–444, Title I, Oct. 16, 1974, 88 Stat. 1305 and is classified generally to subchapter IV (§ 231 et seq.) of chapter 9 of Title 45, Railroads. For complete classification of this Act to the Code, see Tables.

The Job Training Partnership Act, referred to in subsec. (a)(12), is Pub.L. 97–300, Oct. 13, 1982, 96 Stat. 1322, as amended, which is classified principally to chapter 19 (section 1501 et seq.) of Title 29. For complete classification of this Act to the Code, see Short Title note set out under section 1501 of Title 29 and Tables. See, also, Change of Name notes set out under this section.

The Railroad Unemployment Insurance Act, referred to in subsec. (a)(6), is Act