UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MBD No. 1:04-mc-10364 RCL

)
In the Matter of the Tax Indebtedness  )
of William H. Shaughnessy              )
                                       )

## MEMORANDUM OF RECENT CHANGES
## IN TAX COLLECTION LAW

Now comes the respondent and respectfully submits the following memorandum concerning recent statutory changes in the tax collection law that apply to this case.

I. CORPUS JURIS SECUNDUM - 2005

In February 2005, the leading authority in the field, Corpus Juris Secundum (hereinafter "CJS"), completely rewrote its treatise entitled "Internal Revenue" and published a large thoroughly documented 2 volume work.

The preface for CJS treatise states, inter alia:

Preface

"This 2005 revised and updated edition of Volumes 47A and 47B C.J.S. Internal Revenue incorporates various changes in federal tax law resulting from recent legislation, court rulings and administrative decisions. (emphasis added)

<u>Levy and Distraint - in Internal Revenue Section 743</u>

Under levy and distraint, generally, (Section 743), if a person does not or cannot pay the tax assessed:

> "The Service must provide the person with both <u>notice of intent to levy</u> and <u>notice of their right to administrative appeals</u>.
>
> If the Service issues a determination letter following the administrative hearing, the taxpayer has 30 days to file a petition for review the Tax Court.I.R.C. Section 6331(d). (Id. pp. 713, 714)

<u>Notice Rules</u>

Regulations finalized in 2002 provide guidance on the notice of levy. There are two types of levy notice - pre-levy and post-levy. Generally, notice will be pre-levy, under which it will be given, to the taxpayer, at least 30 days prior to levy. ...

The notice will include the amount of the unpaid tax and inform the taxpayer of: <u>the right to a CDP hearing, administrative appeals and procedures; alternatives available to the taxpayer (such as installment payment)</u>; and law and rights relating to redemption of the property. ... (Id. pp. 715, 716)

<u>Formal procedures have been established by the 1998 Act that must be used</u> where the IRS seeks to collect taxes by levy (including by seizure) and where notice of a Federal tax lien has been filed. ... and during that 30-day period the taxpayer may <u>demand a pre-levy hearing</u> before an appeals officer who generally has had no prior involvement with the case. ...

If a taxpayer requests a hearing under Section 6330(a)(3)(B), <u>the limitations period on Service collection activities is suspended</u> during the hearing, and for any appeals. (emphasis added)

2

<u>Collection due process hearing</u>

Provisions added to the Code in 1998 give taxpayers the <u>right to a collection due process (CDP) hearing</u> under Section 6320 - on notice of the filing of a federal tax lien (NFTL), and under Section 6330 - on notice of levy. Generally, the purpose of the hearing is to investigate alternatives to collection, not the legitimacy of the tax liability. Regulations on CDPs were finalized in 2002; many of the provisions are similar to ones governing hearings for liens. The regulations provide the following guidelines. ...

<u>The hearing will be held in conjunction with any CDP hearing requested</u> by the taxpayer under Section 6320 (for liens), will combine all tax periods involved and will be conducted by an IRS person who has had no prior involvement in the case. ...

The taxpayer generally can rise <u>any relevant issue at the hearing</u> other than the existence or amount of tax liability where there was a previous opportunity to contest that, or any issue that was raised and considered at a previous hearing. ...

Although the taxpayer can seek a review of the hearing by the Tax Court, this review generally is as to whether there was an abuse of discretion by the Service. ...

But if there was no notice of deficiency (and no other opportunity to contest), the taxpayer can raise the issue of liability. ... If the underlying tax liability is properly at issue, the Tax Court's standard of review is de novo; if the liability is not at issue, the standard of review is whether the Service abused its discretion. (Id. pp. 715-717)

CDP - equivalent hearing

Regulations provide that if a taxpayer fails to timely request a CDP hearing, the Service may conduct an "equivalent hearing. The rules for equivalent hearings come entirely from regulations, but are conducted by the IRS Appeals division under the same guidelines provided by statute for CDP hearings. (Id. p 717)

CDP - face-to-face conference

The Service says that if a taxpayer requests a face-to-face conference with Appeals, it will be granted ... If the taxpayer responds with specificity that the issues to be discussed are valid collection alternatives or other nonfrivolous issues pertaining to the lien or levy, the face-to-face conference will be granted. (Id. 717)

CDP - recording proceedings

Section 7521(a) seemingly gives taxpayers a broad right to make an audio recording of "any" in-person interview relating to the determination or collection of "any" tax.

Installment agreements

While the service has had procedures for not levying during consideration of a taxpayer's offer in compromise, it did not have such formal procedures regarding a taxpayer's offer to make installment payments. Section 6331(k), added in 1998, specifies protection for installment payment offers. ...

The regulations provide that generally there would be no levy; while a proposed installment agreement was pending." (Id. 717)

4

II. INTERNAL REVENUE CODE - RELEVANT SECTIONS IN THE TAX COLLECTION LAW

In the recent case of Rennie v. IRS, 216 F.Supp.2d 1078 (ED Cal. 2002), the court ruled on the significant changes in tax collection practice and procedure that are relevant here:

> "In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub.L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office due process hearing) and, if dissatisfied, with judicial review of the administrative determination. Section 6330(c) pertains to matters considered at such a hearing and provides in pertinent part: (emphasis added)
>
>> (1) Requirement of investigation - The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> Section 6330(c)(2)(A) provides that the person may raise any relevant issue to the unpaid tax or the unpaid levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Section 6330(c)(2)(B) provides that "[t]he person may also raise at the hearing challenge to the

5

existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or <u>did not otherwise have an opportunity to dispute such tax liability</u>." Section 6330(c)(3) provides in pertinent part:

> The determination by an appeals officer under this subsection shall take into consideration —
>
> (A)   the verification presented under paragraph (1);
>
> (B)   the issues raised under paragraph (2); and
>
> (C)   whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." (emphasis added)

"Section 6330(d)(1) provides that the person may appeal the determination to either the United States Court or to the United States District Court, depending upon the jurisdiction of the underlying tax liability. Here, there is no dispute that the appeal is to this court. ..., the legislative history indicates that the court should conduct a de novo review only "where the validity of the tax liability was properly at issue at the administrative hearing." H.Conf.Rept. 105-559, 105th Conf.2nd Sess. 266 (1998)." (emphasis added)

"The purpose of the provision for the consideration of <u>collection alternatives</u> described in Sections 6330(c)(2)(A) and 6330(c)(3)(C) clearly is intended to allow the taxpayer <u>to propose a method of payment that will of the underlying tax liability instead of satisfaction of a tax lien by a levy.</u>" (emphasis added)

The respondent respectfully submits that these statutory provisions apply to this case.

6

III. "Any Relevant Issue"

The respondent respectfully points out that recent changes in the tax law and decisions construing the same provide the taxpayer may raise "any relevant issue" in the tax collection process, under Section 6330.

IV. Other Relevant Sections of the Internal Revenue Code

Under 26 CFR, Section 301, 6330-1, the respondent is entitled to a collective due process hearing.

> "(b) Entitlement to a CDP hearing 0 (1) In general. A taxpayer is entitled to one CDP hearing with respect to the unpaid tax and tax periods covered by the pre-levy or post-levy CDP Notice provided to the taxpayer."

Section 6330(3)(C) further provides that "an appeals officer (and subsequently the court in reviewing the case) shall take into consideration, inter alia,:

> "(C) Whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."

The respondent respectfully submits that the regulation applies here.

7

V.  Pre-Levy CDP Hearing

A pre-levy Collection Due Process Notice must include, inter alia,:

> "Pursuant to section 6330(a)(3), a pre-levy CDP Notice must include, in simple and nontechnical terms:
>
> (i)  The amount of the unpaid tax.
> (ii) Notification of the <u>right to request a CDP hearing</u>.
> (iii) A statement that the IRS intends to levy.
> (iv) The taxpayer's rights with respect to the levy action, including a brief statement that sets forth –
> (A) <u>The statutory provisions relating to the levy and sale of property</u>.
> (B) The procedures applicable to the <u>levy and sale of property</u>.
> (C) <u>The administrative appeals</u> available to the taxpayer with respect to the levy and sale and the procedures relating to those appeals.
> (D) <u>The alternatives available</u> to taxpayers that could prevent levy on the property (including installment agreements); and
> (E) The statutory provisions and the procedures relating to the redemption of property and the release of liens on property." (emphasis added)

VI.  Post-Levy Hearing

A <u>post</u> levy Due Process Notice must contain, inter alia, the following:

> "(i) The amount of the unpaid tax.
> (ii) Notification of the right to request a CDP hearing.
> (iii) A statement that the IRS has levied upon the taxpayer's state tax refund or has made a jeopardy levy on property or rights to property of the

8

    taxpayer, as appropriate.
(iv) The taxpayer's rights with respect to the levy action, including a brief statement that sets forth-
(A) The statutory provisions relating to the levy and sale of property;
(B) The procedures applicable to the levy and sale of property;
(C) <u>The administrative appeals available to the taxpayer</u> with respect to the levy and sale and the procedures relating to those appeals;
(D) <u>The alternatives available to taxpayers</u> that could prevent any further levies on the taxpayer's property (<u>including installment agreements</u>); and
(E) The statutory provisions and the procedures relating to the redemption of property and the release of liens on property." (emphasis added)

VII. <u>Equivalent Hearing</u>

Finally, the taxpayer is entitled to what the Code (Section 301, 6331-1) calls an "Equivalent Hearing."

    "(i) Equivalent hearing - (1) In general. A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing. Such a taxpayer may nevertheless request an administrative hearing with Appeals, which is referred to herein as an "equivalent hearing." The equivalent hearing will be held by Appeals and generally will follow...

    A-11. In an equivalent hearing, Appeals will consider the same issues that it would have considered at a CDP hearing on the same matter."

9

VIII.    <u>Other Experts in the Tax Field</u>

One expert in the tax field, in discussing the present tax collection process that must be, states the following:

> "[4]  <u>Collection Due Process</u>
>
> There are two situations in which a taxpayer is entitled to a "collection due process" hearing:
>
> (1)  upon the Service's filing of a notice of lien, or
> (2)  <u>before levy</u> by the Service.  (emphasis added)
>
> To the extent practicable, the two hearings are held together. ...
>
> The taxpayer is entitled to one hearing per tax period before an appeals officer who had no prior involvement with respect to that tax period.
>
> <u>The taxpayer is allowed to raise any relevant issue</u> relating to the unpaid tax or the proposed levy including spousal defenses, challenges to the appropriateness of collection action, and alternatives to collection.
>
> The determination of the Appeals officer should take into consideration the verification under IRC Section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  The determination by Appeals is issued in the form of a written notice."
>
> <u>Rabin & Johnson</u>, Federal Taxation Section 84.03.

(emphasis added)

10

VIII.   CONCLUSION

The Respondent respectfully submits that 26 USC, Section 6330, et. seq., as amended, applies to this case.

Respectfully submitted,

_____
William H. Shaughnessy, pro se
14 Osgood Street
Andover, MA 01810

11